IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN A. SCHAD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO. 3:06-00117 |
| ) | JUDGE HAYNES |
| THE BOARD OF DIRECTORS OF THE ) | |
| TENNESSEE VALLEY AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff, Franklin A. Schad, filed this action under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA") 42 U.S.C. §1201 et seq., against the Defendant Tennessee Valley Authority ("TVA"), his employer. Plaintiff asserts claims of discrimination based on his national origin and his medical condition. Specifically, Plaintiff alleges that he was subject to disparate treatment when he was placed on administrative leave based on his national origin, Asian/Pacific Islander and his medical condition.

Before the Court is the Defendant's motion for summary judgment (Docket Entry No. 12), contending, in sum, that Plaintiff's claims are untimely and that Plaintiff failed to exhaust his administrative remedies by failing to contact his agency' equal employment opportunity counselor within forty-five (45) days of the alleged discriminatory act, as required by applicable federal regulations. In response, Plaintiff contends, in essence, that this limitation period should be tolled and that any exhaustion of administrative remedies would be futile.

## A. Findings of Fact[1]

On October 24, 2004, Plaintiff, an assistant unit operator at TVA's plant in Gallatin, Tennessee, contacted Patricia S. Minor, TVA's Equal Employment Opportunity ("EEO") counselor with complaints about his ratings on a service review that was completed on September 24, 2004. (Docket Entry No. 18, Plaintiff's Response to Defendant's Statement of Undisputed Facts at ¶ 2). The next day, Plaintiff signed a document entitled "Rights and Responsibilities in the Equal Opportunity Complaint Process," in which Plaintiff acknowledged that he "must contact an Equal Opportunity Counselor within forty-five (45) days of your knowledge of the alleged act of discrimination." Id. at ¶¶ 3 and 4.

On January 12, 2005, an EEO counselor provided Plaintiff a "Notice of Right to File Discrimination Complaint." Id. at ¶ 5. On January 26, 2005, Plaintiff filed a formal discrimination complaint that TVA accepted for investigation. Id. at ¶¶ 6 and 7. After TVA investigated Plaintiff's complaint, a settlement agreement was executed by Plaintiff and TVA on January 26, 2006. Id. at ¶¶ 9 and 10.

On June 28, 2005, Plaintiff contacted a TVA EEO counselor with another claim that he was discriminated against due to his national origin and had been retaliated against based upon his

---

[1]Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986), app. 840 F.2d 16 (6th Cir. 1988) (unpublished opinion). As will be discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for a directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52, (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Upon review of the Plaintiff's Responses to The Defendant's Statement of Undisputed Facts (Docket Entry No. 18) and the applicable law, the Court concludes that there are not any material factual disputes and this section constitutes findings of fact under Fed. R. Civ. P. 56(d).

2

Case 3:06-cv-00117  Document 22  Filed 02/23/07  Page 2 of 6 PageID #: 140

previous EEO complaint, when he was placed on leave without pay on April 2, 2005. Id. at ¶ 11. On June 28, 2005, Patricia S. Minor, an EEO counselor acknowledged Plaintiff's complaint in a letter that had the same forty-five (45) days limitation notice. Id. at ¶ 12.

In his July 11, 2005 letter Plaintiff identified "[n]ational origin and retaliation"[as] the bases of my alleged discrimination." Id. at ¶ 17. Plaintiff did not mention disability discrimination in the June 28th complaint. On October 12, 2005, Minor issued a "Notice of Right to File a Discrimination Complaint." Id. at ¶ 20. In a letter dated October 25, 2005, Plaintiff stated that the "Description of the Issue(s)" in Minor's report should be changed to reflect that date of the alleged discriminatory conduct was " April 2, 2005.'" Id. at ¶ 22.

On October 25, 2005, Plaintiff filed a formal complaint alleging discrimination based upon his national origin and retaliation for his filing of his earlier EEO complaint. These claims were based upon the Defendant's placement of Plaintiff on leave without pay on April 2, 2005. Id. at ¶ 23. Plaintiff states that "TVA had actual knowledge" of its discriminatory acts on April 2, 2005 (Docket Entry No. 17, Schad Affidavit at p. 2), but does not provide any specifics for that assertion nor does he identify any contact with an EEO counselor at his agency on that date. Plaintiff did not mention disability discrimination in his EEO administrative complaint. (Docket Entry No.15, Talley Affidavit, Exhibit 8 thereto at p.7). On November 15, 2005, TVA's director of equal opportunity compliance, dismissed Plaintiff's discrimination complaint.

## B. Conclusions of Law

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). Upon the filing of a motion for summary judgment, the

3

opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).

Title VII is the exclusive judicial remedy for discrimination claims by federal employees. Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976). A federal employee's Title VII action must satisfy administrative exhaustion requirements and any time limits therein. Id. at 833; McFarland v. Henderson, 307 F.3d 402, 406 (6th Cir. 2002). The statutory conditions are normally strictly construed. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94 (1990). Here, 29 C.F.R. § 1614.105(a)(1) (2003) requires a federal employee claiming discrimination to contact the agency's Equal Employment Opportunity ("EEO") counselor within forty-five (45) days of an alleged discriminatory act. Failure to do so is ground for dismissal of the complaint by the agency, 29 C.F.R. § 1614.107(a)(2) (2003), or the district court. Brown, 425 U.S. at 832.

In Steiner v. Henderson, 354 F.3d 432 (2003), the Sixth Circuit addressed this precise issue, including whether this limitation period can be tolled:

> Steiner does not dispute that she failed to contact an EEO counselor within forty-five days of the October 7, 2000, reassignment. However, Steiner argues that the forty-five day period is subject to principles of equitable tolling. Indeed, the forty-five day filing period is not a jurisdictional prerequisite, and can be tolled where principles of equity demand it. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *see also Irwin v. Dep't of Veterans Affa[ir]s*, 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (extending *Zipes* to administrative requirements for federal employees); *Mitchell v. Chapman*, 343 F.3d 811, 819-20 (6th Cir. 2003); *Seay*, 339 F.3d at 469. <u>This Court has held that a federal employee's obligation to consult with an EEO counselor within a set time period as a precondition to suit is subject to equitable tolling, waiver, and estoppel. *Mitchell*, 343 F.3d at 819-20.</u>

4

> At the same time, the Supreme Court has made clear that tolling in a Title VII context should be allowed "only sparingly." *Irwin*, 498 U.S. at 95, 111 S.Ct. 435. This Court has similarly noted that equitable tolling is "available only in compelling cases which justify a departure from established procedures.
> In considering whether equitable tolling should apply, we generally look at five factors: (1) whether the plaintiff had actual notice of the time restraint; (2) whether she had constructive notice of the time restraint; (3) the degree of diligence exerted in pursuing her rights; (4) the degree of prejudice to the defendant; and (5) the reasonableness of plaintiff's ignorance of the time constraint. *EEOC v. Ky State Police Dep't*, 80 F.3d 1086, 1094 (6 th Cir. 1996); *Andrews v. Orr*, 851 F.2d 146, 151 (6 th Cir. 1988). These factors are not exclusive bases for equitable tolling, however, and the decision to allow equitable tolling is made on a case-by-case basis. *Seay*, 339 F.3d at 469.

Id. at 434, 435.

As applied here. Plaintiff contacted the EEO counselor at his agency on June 28, 2005 that is eighty (88) days after April 2, 2005, the date of the alleged discriminatory leave without pay decision. Although Plaintiff insists that "TVA had actual knowledge" of its discriminatory act on April 2nd (Docket Entry No. 17, Schad Affidavit at p. 2), the regulation requires a contact with the agency's EEO counselor and Plaintiff has not demonstrated that. Thus, Plaintiff did not satisfy the requirements of 29 C.F.R. § 1614.105(a)(1) that is a precondition to the maintenance of this action.

As to the tolling factors, by his prior EEO complaint, Plaintiff had actual knowledge of the 45 days limitation period. Plaintiff had previously been diligent in pursuing his earlier EEO complaint and there is not any evidence of any external impediment to Plaintiff's pursuit of his second EEO complaint. Here, the Defendant is prejudiced to some degree in not having an opportunity to resolve this action promptly as the Defendant did on Plaintiff's first EEO complaint. Given the prior successful resolution of Plaintiff's first administrative

complaint, the Court concludes that exhaustion of administrative remedies is not futile.

As to his ADA claim, it is undisputed that the ADA claim was not stated in Plaintiff's second EEO administrative complaint. In these circumstances, the governing rules are :

> that the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Id.* at 380 (internal citation omitted); *see also Bray v. Palm Beach Co.*, 907 F.2d 150, 1990 WL 92672, at *2 (6th Cir. June 29, 1990) (finding "the facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, are the major determinants of the scope of the charge"). We explained in *Weigel* that, "[p]ursuant to this rule, we have recognized that 'where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'" 302 F.3d at 380 (quoting Davis, 157 F.3d at 463). This principle became known as the "expected scope of investigation test." Weigel, 302 F.3d at 380.
>
> The determinative inquiry in this case, therefore, is whether Dixon alleged sufficient facts in his EEOC Complaint to put the EEOC on notice of his retaliation claim, despite that he did not check the appropriate box on the EEOC's Complaint of Discrimination form.

Dixon v. Ashcroft, 392 F.3d 212, 217 (6thCir. 2004).

Given Plaintiff's failure to allege or to specify any facts related to his ADA claim in his administrative complaint, this ADA claim in this action is barred.

For these collective reasons, the Court concludes that the Defendant's motion for summary judgment should be granted.

An appropriate Order is filed herewith.

Entered this the __16th__ day of February, 2007.

William J. Haynes, Jr.
United States District Judge